UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANK J. MATTOON,

    Petitioner,

v.                                      Civil No. 2:08-CV-14904

SUSAN DAVIS,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO APPEAL IN FORMA PAUPERIS

On December 8, 2008, this court issued an opinion and order dismissing the petition for writ of habeas corpus and declining to issue a certificate of appealability. On January 15, 2009, petitioner signed and dated a Notice of Appeal, which was filed with the court on January 22, 2009. Petitioner also filed an application to proceed with an appeal without prepayment of fees and costs and a motion for certificate of appealability, both dated January 15, 2009. For the reasons that follow, Petitioner's request for pauper status and his motion for a certificate of appealability are denied.

Federal Rule of Appellate Procedure 4(a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. Fed. R. App. P. 4(a)(1). This time limit is mandatory and jurisdictional. *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Further, if a notice of appeal is untimely,

a district court lacks jurisdiction to enter an order granting a certificate of appealability and leave to appeal *in forma pauperis*. *McDaniel v. Wainwright*, 404 F. 2d 352, 352 (5th Cir. 1968); *See also Abbott v. Southers*, No. 00-1089, 2000 WL 1716461 *1-2 (10th Cir. Nov. 16, 2000). Here, Petitioner's notice of appeal, his motion for a certificate of appealability, and his request for pauper status were filed forty-five days after the court entered judgment against petitioner. Therefore, absent some exception, neither the Sixth Circuit nor this court have jurisdiction to consider the present motions.[1]

Federal Rule of Appellate Procedure 4(a)(5)(A) provides a possible exception to the above in that it allows a district court discretion to extend the time to file a notice of appeal if:

> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and,
> (ii) . . . that party shows excusable neglect or good cause.

Petitioner, however, has not filed a motion for an extension of time to file his notice of appeal. Absent the filing of a motion for an extension of time to file a notice of appeal from the denial of the habeas corpus petition or an allegation of excusable neglect or good cause for filing a late notice of appeal, a district court cannot consider whether an extension of time to file an appeal is warranted. *Williams v. Arn*, 654 F. Supp. 241, 243-44 (N.D. Ohio 1987). Moreover, a late notice of appeal which fails to allege excusable neglect or good cause can no longer be construed as a motion for an extension of time. *Pryor v. Marshall,* 711 F. 2d 63, 65 (6th Cir. 1983). Petitioner's tardy notice of appeal does not allege excusable neglect or good cause for the untimely filing,

---

[1] Notably, the court has already considered and denied granting Petitioner a certificate of appealability. (12/8/08 Order at 7.)

and so the court is without power to consider whether he would be entitled to an extension of time to file his appeal.

Accordingly, IT IS ORDERED that the Petitioner's "Application to Proceed With An Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds From Trust Fund Account" [Dkt. # 4] and his "Motion for Certificate of Appealability" [Dkt. # 5] are DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522