UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANK J. MATTOON,

    Petitioner,

v.                                    Case No. 2:08-CV-14904

SUSAN DAVIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING AS MOOT PETITIONER'S MOTION FOR ENLARGEMENT OF TIME TO FILE NOTICE OF APPEAL AND DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

On December 8, 2008, this court issued an opinion and order dismissing the petition for writ of habeas corpus and declining to issue a certificate of appealability. (*See* 12/8/08 Order.)  On February 11, 2009, this court denied Petitioner's motions for a certificate of appealability and for leave to appeal *in forma pauperis*, on the ground that Petitioner's notice of appeal, his motion for a certificate of appealability, and his request for pauper status were all filed more than thirty days after the court had issued its opinion and order dismissing the petition for writ of habeas corpus, in violation of Fed. R. App. P. 4 (a)(1).  (2/11/09 Order.)  Petitioner has now filed a motion for enlargement of time to file the notice of appeal, a motion for a certificate of appealability, and a request to proceed with an appeal without prepayment of fees and costs.[1]

---

[1] The court denied Petitioner's request to proceed with an appeal without prepayment of fees and costs in a separate order.

## I. DISCUSSION

### A. Enlargement of Time to File an Appeal

Subsequent to Petitioner filing his motion for an enlargement of time to file an appeal, the United States Court of Appeals for the Sixth Circuit concluded that Petitioner's notice of appeal was timely filed. *See Mattoon v. Davis,* U.S.C.A. No. 09-1105 (6th Cir. April 24, 2009). In light of the fact that the Sixth Circuit has concluded that Petitioner's notice of appeal was timely filed, his motion for an extension of time to file an appeal is now moot. *See Steele v. Supreme Court of the United States*, 255 F. App'x 534 (D.C. Cir. 2007).

### B. Certificate of Appealability

In its December 8, 2008 opinion and order, the court addressed the issue of a certificate of appealability and declined to issue Petitioner a certificate. (12/8/08 Order at 7.) The court will therefore construe Petitioner's present motion as a motion for reconsideration, and the court will deny the motion. A request for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the court has been misled or that a different disposition must result from a correction thereof, as required by the local rules. E.D. Mich. LR 7.1(g)(3). The court will deny the motion for a certificate of appealability.

## II. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Extend Time to File Notice of Appeal" [Dkt. # 8] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 10] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: October 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2009, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

:S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-14904.MATTOON.NoticeofAppeal.COA.npk.wpd